# CIVIL COVER SHEET

JS 44 (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
YU, TIANGANG; LUI, QIAN; and YU, TREVOR, a minor

## DEFENDANTS
SEA WORLD PARKS AND ENTERTAINMENT LLC, d/b/a SESAME PLACE

(b) County of Residence of First Listed Plaintiff: **Mercer**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Bucks**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
(267) 350-6600
Charles J. Schleifer, Esq., WEINSTEIN, SCHLEIFER & KUPERSMITH, 1835 Market St., #2700, Phila., PA 19103

Attorneys (If Known)
Laurianne Falcone, Esquire; (215) 575-2715, Marshall, Dennehey, 1845 Walnut Street, Philadelphia, PA 19103

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane  ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability  ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander  ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine  **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability  ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle  ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability  ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury  ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting  ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations  **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | | ☐ 530 General | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare  ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment  ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other  ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights  ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1332

Brief description of cause:
Diversity of citizenship among the parties

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 150,000.00 In excess of

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE None    DOCKET NUMBER

DATE: 10-18-2011

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

 (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

 (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. Residence (citizenship) of Principal Parties. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity. Example: U.S. Civil Statute: 47 USC 553
 Brief Description: Unauthorized reception of cable service

VII. Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.

APPENDIX I

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| TIANGANG YU and QIAN LIU, h/w, and TREVOR YU, a minor | : | CIVIL ACTION |
| v. | : | |
| SEA WORLD PARKS AND ENTERTAINMENT LLC, d/b/a SESAME PLACE | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| | | |
|---|---|---|
| 10-18-2011 | [signature] | Plaintiffs |
| Date | Attorney-at-law | Attorney for |
| | CHARLES JAY SCHLEIFER, Esq. | |
| (267) 350-6600 | (215) 665-8197 | chuck@wsklawyers.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

Civil Justice Expense and Delay Reduction Plan
Section 1:03 - Assignment to a Management Track

(a) The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b) In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c) The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d) Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e) Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

SPECIAL MANAGEMENT CASE ASSIGNMENTS
(See §1.02 (e) Management Track Definitions of the
Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

UNITED STATES DISTRICT COURT    APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 15 Sussex Lane, East Windsor, NJ 08520

Address of Defendant: 100 Sesame Road, Langhorne, PA 19047

Place of Accident, Incident or Transaction: 100 Sesame Road, Langhorne, PA 19047
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☒
RELATED CASE, IF ANY: None

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify) General negligence
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, Charles J. Schleifer, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 10-18-2011        _____        33601
                        Attorney-at-Law                 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

                                                        33601
DATE: 10-18-2011        _____
                        Attorney-at-Law                 Attorney I.D.#

CIV. 609 (4/03)

WEINSTEIN, SCHLEIFER & KUPERSMITH, P.C.
BY: Charles Jay Schleifer, Esquire
I.D. # 33601
1835 Market Street, Suite 2700
Philadelphia, PA  19103
(267) 350-6600

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TIANGANG YU and QIAN LIU, h/w** | : | Civil Action No. |
| 15 Sussex Lane | : | |
| East Windsor, NJ  08520 | : | |
| and | : | Jury Trial demanded |
| **TREVOR YU, a minor, by his parents** | : | |
| **and natural guardians, TIANGANG YU and** | : | |
| **QIAN LIU, and TIANGANG YU and** | : | |
| **QIAN LIU, in their own right** | : | |
| 15 Sussex Lane | : | |
| East Windsor, NJ  08520 | : | |
| v. | : | |
| **SEA WORLD PARKS AND** | : | |
| **ENTERTAINMENT LLC,** | : | |
| **d/b/a SESAME PLACE** | : | |
| 100 Sesame Road | : | |
| Langhorne, PA 19047 | : | |

## CIVIL ACTION COMPLAINT

1. The Plaintiffs are individuals residing at the above captioned address.

2. At all times relevant hereto, the Plaintiffs, Tiangang Yu and Qian Liu, were husband and wife, respectively.

3. The Plaintiffs, Tiangang Yu and Qian Liu, are the parents and natural guardians of minor-Plaintiff, Trevor Yu, and are bringing this action on behalf of minor-Plaintiff and in their own right.

4. The Defendant, Sea World Parks and Entertainment LLC, d/b/a Sesame Place, is

1

an incorporated or unincorporated association, authorized to do business in the Commonwealth of Pennsylvania, with offices and a place of business as set forth above.

5. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1332 as there is diversity of citizenship among the parties.

6. At all times relevant hereto, Defendant owned, maintained, possessed and/or controlled an amusement park located at 100 Sesame Road, Langhorne, PA 19047, and commonly known as "Sesame Place."

7. At all times relevant hereto, Defendant owned, maintained, possessed, controlled and/or operated a restaurant located within the amusement park and known as "Sesame Cafe" (hereinafter referred to as "the premises" or "the café").

8. The premises consisted of a cafeteria style line counter for the presentation and sale of food and drink, and a cashier counter at the end of the line.

9. At all times relevant hereto, defendant acted individually and/or through their respective workmen, servants, agents and/or employees who were then and there acting within the course and scope of their employment and/or agency for defendant.

10. At all times relevant hereto, Plaintiffs, Tiangang Yu and Trevor Yu, a minor, (hereinafter referred to as "the plaintiffs') were business invitees within the scope of their invitation, and were lawfully on the premises.

11. On October 25, 2009, plaintiff, Tiangang Yu (hereinafter referred to as "Mr. Yu") asked the cashier at the end of the cafeteria line for a cup of warm water to make formula for his young son whom he was holding.

2

12. Another employee provided a paper cup of water, which was placed inside another paper cup, to Mr. Yu. The cup did not contain a lid.

13. Mr. Yu placed the cup on a tray, lifted the tray, and proceeded to exit the cashier counter area.

14. The cup slid from the tray and scalding hot water spilled onto the bodies of both plaintiffs, and caused second degree burns as described more particularly herein.

15. The defendant's employee who provided the water to Mr. Yu did not convey any warnings regarding the extreme and dangerous temperature of the water.

16. The defendant's employee knew or should have known that the plaintiffs would sustain serious burns if they came in contact with the water within the first five minutes of receiving it, and defendant's employee failed to take reasonable steps to prevent this occurrence.

17. The aforementioned incident and resulting injuries to the plaintiffs were due in no manner whatsoever to any act or failure to act on the part of the plaintiffs.

## COUNT I – NEGLIGENCE
## PLAINTIFF, TIANGANG YU V. DEFENDANT

18. Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 17, inclusive, as though the same were set forth herein more fully at length.

19. The Defendant, through its workmen, servants, agents and/or employees, was negligent in that:

(a) Defendant failed to provide plaintiff Tiangang Yu with water at the temperature requested and expected by plaintiff;

(b) Defendant failed to put a lid on the cup of water prior to serving it to

3

plaintiff Tiangang Yu;

    (c)    Defendant failed to provide any warnings to plaintiff Tiangang Yu regarding the extreme and dangerous temperature of the water; and

    (d)    Defendant served scalding hot water to plaintiff Tiangang Yu which defendant knew or should have known would cause severe burns to plaintiff if plaintiff came in contact with the water in the first five minutes of receiving the water from defendant.

20. As a result of the aforesaid incident, plaintiff sustained second degree burns to his abdomen, scarring, an increased risk of skin cancer, emotional distress and great pain and agony, the full extent of which is not yet fully known and all of which may be permanent in nature.

21. As a direct and proximate result of the carelessness and negligence of the defendant, plaintiff has sustained and will sustain in the future pain, embarrassment, humiliation, disfigurement, mental anguish, loss of well being and an inability to engage in his normal activities and pursue and enjoy the normal and ordinary pleasures of life.

22. As a direct and proximate result of the carelessness and negligence of the defendant, plaintiff has in the past been required to, and will in the future continue to, incur substantial expenditures for medicines, medical care, diagnostic procedures, hospitalizations, rehabilitation, therapy and other health care and treatment of his injuries.

23. By reason of the aforesaid, plaintiff was unable to attend to plaintiff's usual occupation, to plaintiff's great detriment and loss, and thereby lost the emoluments which would have come to Plaintiff through employment.

WHEREFORE, plaintiff claims damages against the defendant in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

## COUNT II – NEGLIGENCE
**PLAINTIFF, TREVOR YU, a minor, by his parents and natural guardians, TIANGANG YU and QIAN LIU, and TIANGANG YU and QIAN LIU in their own right V. DEFENDANT**

24. Plaintiffs incorporate by reference all of the allegations contained in Paragraphs 1 through 23, inclusive, as though the same were set forth herein more fully at length.

25. The Defendant, through its workmen, servants, agents and/or employees, was negligent in that:

(a) Defendant failed to provide plaintiff Tiangang Yu with water at the temperature requested and expected by plaintiff;

(b) Defendant failed to put a lid on the cup of water prior to serving it to plaintiff Tiangang Yu;

(c) Defendant failed to provide any warnings to plaintiff Tiangang Yu regarding the extreme and dangerous temperature of the water; and

(d) Defendant served scalding hot water to plaintiff Tiangang Yu which defendant knew or should have known would cause severe burns to plaintiff if plaintiff came in contact with the water in the first five minutes of receiving the water from defendant.

26. As a result of the aforesaid incident, minor plaintiff sustained second degree burns to his right thigh, scarring, an increased risk of skin cancer, emotional distress and great pain and agony, the full extent of which is not yet fully known, and all of which may be permanent in nature.

5

27. As a direct and proximate result of the carelessness and negligence of the defendant, minor plaintiff has sustained and will sustain in the future pain, embarrassment, humiliation, disfigurement, mental anguish, loss of well being and an inability to engage in his normal activities and pursue and enjoy the normal and ordinary pleasures of life.

28. As a direct and proximate result of the carelessness and negligence of the defendant, minor plaintiff has in the past been required to, and will in the future continue to, incur substantial expenditures for medicines, medical care, diagnostic procedures, hospitalizations, rehabilitation, therapy and other health care and treatment of his injuries.

29. By reason of the aforesaid, plaintiffs, Tiangang Yu and Qian Liu, may be responsible for the medical bills of minor plaintiff and thereby demand judgment in their own right.

WHEREFORE, plaintiffs claim damages against the defendant in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

### COUNT III – LOSS OF CONSORTIUM
### PLAINTIFF, QIAN LIU V. DEFENDANT

30. Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 29, inclusive, as though the same were set forth herein more fully at length.

31. By reason of the aforesaid, plaintiff/wife has been deprived of the comfort, companionship, services and assistance of her husband, and will be deprived of same for an indefinite time in the future.

WHEREFORE, plaintiff claims damages against the defendant in an amount in

6

excess of One Hundred Fifty Thousand Dollars ($150,000.00).

WEINSTEIN, SCHLEIFER & KUPERSMITH, P.C.

BY: _____
CHARLES JAY SCHLEIFER, Esquire
*Attorney for Plaintiffs*

VERIFICATION

The undersigned, having read the attached pleading, verifies that the within pleading is based on information furnished to counsel, as well as information gathered by counsel in the course of this lawsuit. Signer verifies that he has read the within pleading and that is true and correct to the best of the signer's knowledge, information and belief. This Verification is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsifications.

---
CHARLES JAY SCHLEIFER, Esquire
*Attorney for Plaintiffs*

Dated: 10-18-2011